# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Thomas Lauderman,**
**Plaintiff Below, Petitioner**

**vs)  No. 12-0390** (Harrison County 11-C-20)

**Associated Specialists, Inc. and Saad Mossallati, individually**
**and as President of Associated Specialists, Inc.**
**Defendants Below, Respondents**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas Lauderman, by counsel Gregory H. Schillace, appeals the Circuit Court of Harrison County's order denying his motion to alter or amend a judgment entered on February 21, 2012. Respondents Associated Specialists, Inc. and Saad Mossallati, by counsel Thomas G. Dyer and Mary Guy Dyer, argue in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a physician who was formerly employed by Respondent Associated Specialists, Inc., of which Respondent Saad Mossallati is the president. On December 31, 2010, respondents terminated petitioner's employment. Petitioner filed suit asserting two counts against respondents: (1) violation of West Virginia Code § 21-5-4(b) of the West Virginia Wage Payment and Collection Act ("WPCA") for allegedly failing to pay petitioner all wages owed to him within seventy-two hours of his termination; and (2) breach of contract for allegedly failing to give proper notice of termination and failing to pay wages and benefits pursuant to the terms of the petitioner's employment agreement.[1] The case went to a jury trial in November of 2011.

Although there were two separate counts against two named defendants, the first special interrogatory on the jury verdict form did not differentiate between either the counts or the defendants. Instead, it combined everything into a single question that asked whether the jury "find[s] in favor of plaintiff, Thomas Lauderman with respect to his complaint against Saad Mossallati and Associated Specialists, Inc." The jury checked "yes" in response to this question and proceeded to award damages: $36,923.23 for "physician pay," $16,058.00 for "IRA contribution," and $19,000 for "tail insurance." In response to the second special interrogatory

---

[1] Respondents pursued a counterclaim that was unsuccessful and is not relevant to this appeal.

1

on the verdict form, the jury answered "no" when asked whether respondent, "Saad Mossallati, knowingly permitted the violation of the" WPCA. There had been no objection to the use of this verdict form.

In a post-trial motion, petitioner asked the circuit court to award him statutory liquidated damages for respondents' failure to pay his final paycheck within seventy-two hours. Petitioner relied upon West Virginia Code § 21-5-4(e), which provides for an award of three times the unpaid wages if an employer fails to pay an employee's wages in accordance with § 21-5-4 of the WPCA.

After briefing, the circuit court denied the motion and entered the final judgment order on December 22, 2011. On January 3, 2012, petitioner filed a motion pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure to alter or amend the judgment, again seeking the addition of liquidated damages. On February 21, 2012, the circuit court entered a final order denying the motion.

"The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998). Furthermore,

> [i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Petitioner argues that there was evidence at trial proving when his final paycheck was issued. However, from the verdict form, it is impossible to determine whether the jury ruled in favor of petitioner on both counts of the Complaint. It is possible that the jury found in favor of petitioner only on the breach of contract claim. The jury's award of "physician pay" was much higher than petitioner's bi-weekly paycheck. Moreover, the jury awarded money for categories of damages over and above what would have been due in petitioner's final paycheck, such as an award for insurance coverage. In the only question on the verdict form that specifically addressed the WPCA, the jury found against petitioner. We agree with the circuit court's conclusion that if petitioner was seeking an award of liquidated damages, then he should have taken steps before and during trial to put the issue before the court—including, but not necessarily limited to, submitting a better jury verdict form.

For the foregoing reasons, we affirm.

Affirmed.

2

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II